(20 Misc. Rep. 17.)

### RAPID SAFETY FILTER CO. v. WYCKOFF.

(City Court of New York, General Term. April 1, 1897.)

REPLEVIN—DAMAGES—PLEADING.

There can be no recovery for injuries to the chattel sued for unless plaintiff sets forth the facts in his complaint, and demands judgment for damages accordingly, as required by Code Civ. Proc. § 1722.

Appeal from trial term.

Replevin by the Rapid Safety Filter Company against Sarah J. Wyckoff. From a judgment entered on verdict in favor of plaintiff, and from an order denying the motion for a new trial, defendant appeals. Reversed.

Argued before FITZSIMONS and CONLAN, JJ.

A. G. N. Vermilyea, for appellant.
Myron H. Oppenheim, for respondent.

CONLAN, J. This is an appeal from a judgment entered on a verdict of a jury, and from an order denying a motion for a new trial. The action was one in replevin, brought to recover the possession of a rapid safety filter, and for damages for its detention only. Section 1722 of the Code provides that, where plaintiff seeks to recover for injuries to a chattel in such an action, he must set forth the facts in his complaint, and demand judgment for damages accordingly. The court allowed the plaintiff to introduce evidence of injury or damage to the filter between the time of the demand and the taking by the sheriff. This was over the objection of the defendant, and to which ruling the defendant duly excepted. This was error. The defendant was not called into court to meet such an issue, and the submission of such evidence to the jury was prejudicial to the defendant, for which the judgment must be reversed. This view of the case obviates the necessity of an examination of the other questions presented.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.

FITZSIMONS, J., concurs.